*Formatted for Electronic Distribution*                                                                                                      *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

In re:

    Todd M. Enright,                                         Filed & Entered                            Chapter 7 Case
           Debtor.                                              On Docket                                 # 10-10873
                                                               November 10, 2011

**Nelson Mullins, Riley & Scarborough LLP,**
           Plaintiff,                                                                                             Adversary Proceeding
    v.                                                                                                                      # 11-1004
**Todd M. Enright,**
           Defendant.

| | | |
|---|---|---|
| *Appearances:* | Michael Frederick Hanley, Esq. | Todd M. Enright |
| | White River Junction, Vermont | Brattleboro, Vermont |
| | For the Plaintiff | Defendant Pro Se |

## MEMORANDUM OF DECISION
### GRANTING THE PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT

        The Plaintiff has filed an amended motion for summary judgment seeking a judgment as a matter of law that its claim, based upon legal services provided to the Defendant's spouse in a Georgia divorce action, is a priority, non-dischargeable domestic support obligation.  For the reasons set forth below, the Court grants the Plaintiff's amended motion for summary judgment as to the amount sought in the Plaintiff's complaint in the amount of $220,419.00, plus interest at a rate of 6.25% per annum.

### JURISDICTION

        This Court has jurisdiction over this adversary proceeding and the instant motion for summary judgment pursuant to 28 U.S.C. §§ 157 and 1334 and declares them to be core proceedings under 28 U.S.C. § 157(b)(2)(I).

### PROCEDURAL HISTORY

        Todd M. Enright (the "Debtor") filed a voluntary chapter 11 petition on June 24, 2010 (# 10-10873, doc. # 1); that case was converted to a case under chapter 7 on December 9, 2010 (# 10-10873, doc. # 249).  On January 20, 2011, Nelson Mullins, Riley & Scarborough LLP (the "Plaintiff") filed a complaint (doc. # 1) initiating this adversary proceeding, seeking a determination that its debt is excepted

from discharge pursuant to 11 U.S.C. § 523(a)(5) as a domestic support obligation.[1] The Debtor, acting pro se, filed a motion to dismiss the adversary proceeding on February 22, 2011 (doc. # 4), and a motion for sanctions pursuant to 28 U.S.C. § 1927 on March 1, 2011 (doc. # 7). On March 3, 2011, the Court entered an order denying the Debtor's motions (doc. # 8). The Debtor subsequently filed an answer to the complaint (doc. # 12).

On March 15, 2011, the chapter 7 Trustee, then named as a defendant in the adversary proceeding, filed a motion seeking to be dismissed as a party (doc. # 10). The Court entered an order granting the chapter 7 Trustee's motion to be dismissed from the adversary proceeding on April 22, 2011 (doc. # 15).

On September 15, 2011, the Plaintiff filed a motion for summary judgment on its complaint (doc. # 20). The Plaintiff subsequently filed an amended motion for summary judgment and supporting documents (doc. ## 23, 24, 25, 26, 28). The Debtor did not file a response to the Plaintiff's motion or amended motion for summary judgment.

## UNDISPUTED MATERIAL FACTS

Based upon the record in this case and adversary proceeding, and pursuant to Vt. LBR 7056-1(a)(3),[2] the Court finds the following facts to be material and undisputed:

1. The Plaintiff is a law firm with offices in Atlanta, Georgia (doc. # 24, ¶ 1).
2. Caroline C. Kresky is an equity partner and employee of the Plaintiff (doc. # 24, ¶ 2).
3. Ms. Kresky is licensed to practice law in Georgia, and is in good standing with the Georgia bar (doc. # 24, ¶ 3).
4. Ms. Kresky represents Robyn Lee Enright in a divorce action in the Superior Court of Thomas County, Georgia, entitled Robyn Lee Enright v. Todd Michael Enright, No. 08-CV-1501 (doc. # 24, ¶ 4).
5. The Debtor is Ms. Enright's spouse and the defendant in the Georgia proceeding (doc. # 24, ¶ 5).
6. The Final Decree of Divorce of the Superior Court of Thomas County, Georgia, dated September 26, 2011, orders the Debtor to pay, pursuant to O.C.G.A. § 19-6-2, the sum of $416,120.00 plus interest, pursuant to O.C.G.A. § 7-4-12, for legal services provided by the Plaintiff to Ms. Enright in the Georgia divorce action (doc. # 24, ¶ 6).
7. The Debtor has not paid the $416,120.00 principal amount due or the interest on the principal

---

[1] All statutory citations refer to Title 11 of the United States Code (the "Bankruptcy Code") unless otherwise indicated.

[2] Vt. LBR 7056-1(a)(3) provides that "[a]ll material facts in the movant's statement of undisputed facts are deemed to be admitted except to the extent controverted by a statement of disputed material facts filed by the opposing party." The Debtor did not file a statement of disputed material facts. Accordingly, the facts in the Plaintiff's statement of undisputed facts are deemed admitted for the purposes of the instant amended motion for summary judgment.

2

amount due (doc. # 24, ¶ 7).

8. Ms. Enright filed post-trial motions asking the Georgia state court to reconsider and clarify the Final Decree of Divorce as to the award of attorneys' fees and costs to the Plaintiff; it seeks an award to Ms. Enright, for legal services the Plaintiff rendered to her, in the total amount of $657,385.57 ($416,120.00 plus $241,265.57), plus interest (doc. # 24, ¶ 8).

9. In the event the Debtor does not pay the amount due to the Plaintiff, the Plaintiff expects Ms. Enright to pay the amount due (doc. # 24, ¶ 9).

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the record shows no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; Fed. R. Bankr. P. 7056; see also Bronx Household of Faith v. Bd. of Educ., 492 F.3d 89, 96 (2d Cir. 2007). The moving party bears the burden of showing that no genuine issue of material fact exists. See Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co., 373 F.3d 241, 244 (2d Cir. 2004). A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law identifies those facts that are material; only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 248. Factual disputes that are irrelevant or unnecessary are not material. Id. In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. Id. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004). In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the moving party. See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc., 448 F.3d 573, 579 (2d Cir 2006).

## DISCUSSION

The Plaintiff seeks summary judgment on its complaint (doc. # 28), in which the Plaintiff seeks a determination that the debt owed by the Debtor is non-dischargeable pursuant to § 523(a)(5) (doc. # 1, p. 1; doc. # 1-1, ¶ 7(a)), and a judgment in the amount of $220,419.00, plus interest and attorneys' fees (doc. # 1-1, ¶ 7(b)). None of the material facts regarding the Plaintiff's § 523(a)(5) claim are in dispute. Therefore, summary judgment is proper.

As a preliminary matter, the Court notes that the Debtor did not respond to the Plaintiff's amended motion for summary judgment. On October 7, 2011, the Plaintiff served upon the Debtor by CM/ECF notice and by electronic mail copies of the amended motion for summary judgment, memorandum in

3

support of the amended motion, statement of undisputed material facts, and affidavit of Caroline C. Kresky (see doc. ## 23-3, 24-3, 25-3, 28-1). The Plaintiff also served the Debtor with a copy of the special notice required to pro se litigants, as required by Vt. LBR 7056-1(d) (see doc. # 26-1). Accordingly, the Court finds that the Debtor has been served with proper notice of the amended motion for summary judgment.

In the Plaintiff's original motion for summary judgment (doc. # 20), it alleged that its claim, based upon interim orders of the Georgia Superior Court entered between April 15, 2010 and August 30, 2011 in the amount of $246,265.57 plus interest, is a priority, non-dischargeable domestic support obligation (doc. # 20-1, p. 1). The Plaintiff amended its motion for summary judgment based upon the Final Decree of Divorce issued by the Georgia Superior Court on September 26, 2011 (see Undisputed Material Facts ¶ 6, supra), arguing that it is now entitled to at least $416,120.00 plus interest (doc. # 23, pp. 1, 8). The Plaintiff argues that award of attorneys' fees in the Final Decree of Divorce is a domestic support obligation that is non-dischargeable under § 523(a)(5) (doc. # 23, p. 4–7).[3]

Section 523 of the Bankruptcy Code sets forth the list of debts that are excepted from discharge and provides, in relevant part:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
>   (5) for a domestic support obligation . . ..

11 U.S.C. § 523(a)(5). The Bankruptcy Code defines a "domestic support obligation" as:

> a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
>
>   (A) owed to or recoverable by—
>
>     (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>
>     (ii) a governmental unit;
>
>   (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
>   (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

---

[3] The Plaintiff also argues that the debt is non-dischargeable under § 523(a)(15) (doc. # 23, pp. 6–7). However, the Plaintiff did not assert a § 523(a)(15) claim in its complaint (see doc. ## 1, 1-1). Accordingly, the Court will address the amended motion for summary judgment only as it relates to § 523(a)(5).

4

      (i)    a separation agreement, divorce decree, or property settlement agreement;

      (ii)    an order of a court of record; or

      (iii)    a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

(D)    not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A).

There is no dispute that the Georgia Superior Court entered a Final Decree of Divorce on September 26, 2011, ordering the Debtor to pay $416,120.00 for legal services provided by the Plaintiff to Ms. Enright in the Georgia divorce action, pursuant to O.C.G.A. § 19-6-2 (see Undisputed Material Facts ¶ 6, supra), which enables the Georgia Superior Court to award attorneys' fees as part of the litigation expenses in the divorce action.[4] It is also undisputed that the Debtor has not paid the $416,120.00 principal amount due, or any interest thereon (see Undisputed Material Facts ¶ 7, supra).

Interest applies to the Final Decree of Divorce pursuant to O.C.G.A. § 7-4-12, which provides, in relevant part:

(a)    All judgments in this state shall bear annual interest upon the principal amount recovered at a rate equal to the prime rate as published by the Board of Governors of the Federal Reserve System, as published in statistical release H. 15 or any publication that may supersede it, on the day the judgment is entered plus 3 percent.

. . .

(c)    The post judgment interest provided for in this Code section shall apply automatically to all judgments in this state and the interest shall be collectable as a part of each judgment whether or not the judgment specifically reflects the entitlement to post judgment interest.

O.C.G.A. § 7-4-12(a), (c).

The Georgia Superior Court entered the Final Decree of Divorce on September 26, 2011 (see

---

[4] O.C.G.A. § 19-6-2 provides, in relevant part:

(a)    The grant of attorney's fees as a part of the expenses of litigation, made at any time during the pendency of the litigation, whether the action is for alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case, including but not limited to contempt of court orders involving property division, child custody, and child visitation rights, shall be:

    (1)    Within the sound discretion of the court, except that the court shall consider the financial circumstances of both parties as a part of its determination of the amount of attorney's fees, if any, to be allowed against either party . . ..

O.C.G.A. § 19-6-2(a)(1).

5

Undisputed Material Facts ¶ 6, supra). The prime rate was 3.25% per annum on September 26, 2011. See Federal Reserve Statistical Release, H.15 Selected Interest Rates (Oct. 3, 2011), available at http://www.federalreserve.gov/releases/h15/20111003/ (last visited Nov. 10, 2011; a copy of the table of interest rates is attached as an exhibit to this memorandum of decision). Accordingly, interest applies at a rate of 6.25% per annum. See O.C.G.A. § 7-4-12(a).

Attorneys' fees awarded in a divorce action are treated as being within the definition of alimony, maintenance, and support. See In re Spong, 661 F.2d 6, 11 (2d Cir. 1981) (concluding that it would be exalting form over substance to fail to treat debtor's agreement to pay his spouse's attorneys' fees as a debt to a spouse for alimony, maintenance, or support, and thus finding the debt to be non-dischargeable in bankruptcy); see also In re Painter, 21 B.R. 846, 848 (Bankr. M.D. Ga. 1982) (finding court award of attorneys' fees in divorce action to be in the nature of alimony); Mills v. Krochmalny (In re Mills), 2006 Bankr. LEXIS 3061, *14, 2006 WL 3246376, *5 (Bankr. D. Vt. Nov. 7, 2006) (noting that attorneys' fees awarded in prior child support orders are excepted from discharge as support). Therefore, the debt owed by the Debtor is a domestic support obligation, as that term is defined under § 101(14A), that debt is excepted from discharge under § 523(a)(5), and the Plaintiff is entitled to judgment as a matter of law on its complaint.

Although the Plaintiff argues in its memorandum of law in support of its amended motion for summary judgment that it is entitled to at least $416,120.00 plus interest (see doc. # 23, p. 8), the Plaintiff's complaint only seeks a judgment in the amount of $220,419.00 plus interest and attorneys' fees (doc. # 1-1, ¶ 7(b)).[5] A party may seek summary judgment only on the claims and defenses – or a portion of the claims and defenses – raised in the complaint. See Fed. R. Civ. P. 56(a), made applicable to this proceeding by Fed. R. Bankr. P. 7056. The complaint does not specify the dates of the orders that were entered that it asserts add up to the $220,419.00 that it seeks, however the final divorce decree specifically encompasses all prior attorney fee awards. The Plaintiff has not filed a motion to amend its complaint to include the greater sum, and the Plaintiff has failed to present any basis upon which it would be entitled to relief that is broader than the relief articulated in its complaint.

Therefore, the Plaintiff is entitled to summary judgment on the § 523(a)(5) claim set forth in its complaint, and to a judgment in against the Defendant in the full amount sought in the complaint: $220,419.00, plus interest at a rate of 6.25% per annum.[6]

---

[5] The Plaintiff's amended motion for summary judgment does not include a request for attorneys' fees.

[6] The Court notes that any post-petition award by the Georgia Supreme Court beyond the amount sought in the Plaintiff's complaint (see Undisputed Material Facts ¶¶ 6, 8, supra) would be beyond the scope of the discharge, in any event. See 11 U.S.C. § 727(b).

## Conclusion

For the reasons set forth above, the Court grants the Plaintiff's amended motion for summary judgment as to the amount sought in the Plaintiff's complaint in the amount of $220,419.00, plus interest at a rate of 6.25% per annum. This memorandum of decision constitutes the Court's findings of fact and conclusions of law.

SO ORDERED.

November 10, 2011  
Burlington, Vermont

_____  
Colleen A. Brown  
United States Bankruptcy Judge